Matthews J.
delivered the opinion of the court. This is apetitory action commenced ⅝ . to recover a tract of land described in the peti-^h parties claim under James Jackson, and the locus in quo is not disputed. The plaintiff and appellant obtained a verdict and 4 j^gment and the defendant appealed,
There is an agreement of counsel that the record contains all the evidence given in the district court, and in it is found a bill of exceptions taken to the opinion of the jndge, in rejecting certain documents and witnesses, offered by the defendant to prove fraud in one of the plaintiff s title papers. The evidence thus offered and rejected is an affidavit of the grantee of the land, and the testimony of a witness establishing that no consideration was paid by D. Jackson, m der whom the plaintiff immediately claims, as expressed in the deed of sale executed to him by James Jackson, his father, and that the sale was made to defraud one of his sons, from part of his property.
Without inquiry into the competency of a vendor, in any case, as a vendor to defeat his own act of sale, it is sufficient, in the present, *655 to observe that the district court was correct in rejecting the affidavit of Jackson, sen. on the ground of its being ex parte evidence.
Neither do we believe that the court erred in the rejection of the witness. It is agreed that, on suggestion of fraud, testimonial proof may be received against an instrument: but this can only be regularly done, in cases in which one of the parties to a suit may be subject to injury, by such fraud, in rights and claims which existed at the time of its perpetration. In the case now under consideration* the defendant claims no right derived from the person who was intended to be injured by *he alledged fraud and falsehood, in the deed and sale from Jackson to his son. As to him every thing is tair, in his secondpurchase from the grantor, with legal notice; the first act of sale having been recorded in the office of the parish judge nearly two years previous to his purchase: and he does not in any manner, represent the person against whom the alledged fraud is supposed to have been intended.
During the hearing in this court an objection was made to the admissibility of the deed from J. Jackson to D. Jackson, as being an act sous seingprive,and not authenticated by testimony: a copy of the deed comes up with the record, as a part of the evidence received in the court *656 ,a quo, and we must presume it to have been correctly admitted, as no bill of exception suggests the contrary.
Turner for the plaintiff, Maybin for the defendant.
On examination of the whole case, as it is presented to us, we are of an opinion that the plaintiff ought to have judgment; and having obtained it in the district court, we would have no hesitation in affirming it if it had contained the reasons on which it is grounded, as the constitution and law require.
It is, therefore, ordered,adjudged and decreed that the judgment of the district court he annulled, avoided and reversed: and proceeding to give such a judgment as, in our opinion, the district court ought to have given, it is further ordered, adjudged and decreed that the plaintiff and appellee do recover, from the defendant and appellant, for the reasons above stated, one hundred acres of land claimed in the petition, with costs, and that the plaintiff and appellee pay cosis in this court.